Chen v. Garland

BIA
Christensen, IJ
A209 238 754/755

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-three.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

MEI CHEN, CHAO RONG CHEN,
*Petitioners*,

v.                                                                     21-6197
                                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONERS:**          Gang Zhou, Esq., New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney
                             General; Cindy S. Ferrier, Assistant Director;
                             Michele Y. F. Sarko, Attorney, Office of
                             Immigration Litigation, United States
                             Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mei Chen and Chao Rong Chen, natives and citizens of the People's Republic of China, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Mei Chen, Chao Rong Chen*, Nos. A209 238 754/755 (B.I.A. Mar. 22, 2021), *aff'g* Nos. A209 238 754/755 (Immig. Ct. N.Y. City Oct. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We consider the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and review questions of

law de novo, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009) (reviewing a constitutional claim de novo).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Here, substantial evidence supports the agency's determination that Petitioners were not credible as to their alleged experiences while practicing Christianity in China and

their continuing practice of Christianity in the United States.

The agency reasonably relied on (1) Petitioners' failure to discuss each other's month-long detentions in their narratives regarding the events that purportedly led them to flee China, (2) their inconsistent testimony regarding both the day that they escaped arrest in China for distributing church flyers and the day that they last attended church together in the United States, (3) Ms. Chen's inconsistent explanations for why she told an asylum officer that no one in her family had been harmed or threatened, and (4) Ms. Chen's difficulty placing relevant events in chronological order. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 78–79 (providing that an IJ may consider probative omissions that "a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Petitioners did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

4

to credit his testimony." (internal quotation marks and citation omitted)). Further, contrary to Petitioners' contentions, the IJ did not exhibit bias or violate due process in relying on the addenda to their applications because the IJ was statutorily permitted to rely on the addenda, *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining that an IJ, while "[c]onsidering the totality of the circumstances, and all relevant factors," may base a credibility determination on "written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)"), and Petitioners were not prejudiced given the other record inconsistencies unrelated to the addenda that independently supported the adverse credibility determination, *see Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (providing that a due process violation requires denial of "a full and fair opportunity to present" claims or deprivation of "fundamental fairness" (internal quotation marks and citation omitted)); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring a demonstration of prejudice to establish a due process violation).

Having identified issues regarding Petitioners' credibility, the IJ further reasonably relied on their failure to rehabilitate their testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably afforded limited weight to Petitioners' documentary evidence because those statements were either prepared by interested parties who were not available for cross-examination or did not mention a raid on Petitioners' church in China to corroborate their claims regarding that alleged event. *See Likai Gao*, 968 F.3d at 149 (holding that an "IJ acted within her discretion in according . . . little weight [to letters from the applicant's wife and fellow church member] because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination"). Nor did the IJ err in finding that evidence of Petitioners' church attendance in the United States was insufficient to overcome their repeatedly inconsistent testimony regarding what they had done immediately following church the day prior to their individual hearing before the IJ. *See* Certified Admin. Record at 175–76 (explaining discrepancies in Petitioners' testimony regarding where they ate after church, who they ate with, and whether they went home before eating lunch); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an

6

alien's documentary evidence.").

The aforementioned inconsistencies and lack of reliable corroboration constitute substantial evidence for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 165–66; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court